UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH et al.,

        Plaintiffs,

v.

DEYANA UNIS et al.,

        Defendants.
_____/

Case No. 1:19-cv-544

Honorable Robert J. Jonker

## ORDER OF TRANSFER

This is a civil rights action brought under 42 U.S.C. § 1983 by state prisoner Derrick Lee Smith and George Thomas Preston and his wife Kathryn Lynn Preston. Plaintiff Smith is presently incarcerated at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Plaintiffs George and Kathryn Preston reside in Avoca, St. Clair County, Michigan. Plaintiff sues Deyana Unis and Kim L. Worthy of the Wayne County Prosecutor's Office; Patricia Penman, James Heberger, and Benny Napoleon of the Wayne County Sheriff's Department; Judge Bridget Mary Hathaway of the Wayne County Circuit Court; Judges Laura Echartea, William McConico, and Christopher Blount of Michigan's 36th District Court in Wayne County; and Carli Boike-Dipiola Carpenter.

The subject matter of the *pro se* complaint is Plaintiff Smith's recent conviction on four counts of first-degree criminal sexual conduct. Plaintiff was sentenced to concurrent sentences of 17 years, 6 months to 35 years for each count. Those sentences, in turn, were to be served concurrently with eight sentences of 22 years, 6 months to 75 years imposed on October 29, 2008, for six counts of first-degree criminal sexual conduct and two counts of kidnapping. The

new sentences were also concurrent to sentences of 6 to 15 years imposed on May 26, 1998, for two counts of third-degree criminal sexual conduct. All of the sentences were imposed by the Wayne County Circuit Court after Plaintiff entered pleas of guilty or *nolo contendere* to the charges.

Each of the Defendants was involved in Plaintiff Smith's recent prosecution. Defendant Carpenter was the victim of Plaintiff Smith's first-degree criminal sexual conduct which occurred during October of 1997. Plaintiff Smith claims Defendant Carpenter lied and that the sexual activity between them that night was consensual. He provides an affidavit from Plaintiff George Preston who claims he was present at and participated in the sexual encounter with Plaintiff that night. In further support, Plaintiff Smith provides the affidavit of Mrs. Preston who acknowledges that her husband, shortly after the incident, admitted he cheated on his wife with Defendant Carpenter.

Despite the exculpatory testimony of George Preston and the supporting testimony of Kathryn Preston, Plaintiff Smith claims he was forced to enter *nolo contendere* pleas to the charges because Wayne County Sheriff's Department personnel threatened Plaintiff George Preston, convincing him not to testify.

Plaintiff Smith contends that the threats and other procedural improprieties in his prosecution render his convictions and sentences unconstitutional. Plaintiff Smith seeks $80,000,000 in compensatory and punitive damages and release from state prison. Plaintiffs George and Kathryn Preston do not demand any relief. It appears that Plaintiff Smith included them on the complaint only because they have provided affidavits as witnesses.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events giving rise to Plaintiff's action occurred in Wayne and St. Clair Counties, Michigan. Although Plaintiff alleges that Defendants Penman and Heberger interviewed him in Muskegon County on October 23, 2018, the threats and procedural improprieties all occurred in Wayne and St. Clair Counties.

Wayne County and St. Clair County are within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). Defendants, with the exception of Defendant Carpenter, are public officials serving in Wayne County, and they "reside" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Plaintiff Smith provides two addresses for Defendant Carpenter, one in Wayne County and one in Tuscola County which is also located in the Eastern District of Michigan. In these circumstances, venue is proper only in the Eastern District. Therefore:

**IT IS ORDERED** that this case be transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1406(a). **It is noted that this Court has not decided Plaintiff's motion to proceed *in forma pauperis*, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. § 1997e(c).**

Dated: July 25, 2019            /s/ Ray Kent
                                                   United States Magistrate Judge