UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, et al.,

        Plaintiffs,

                              CASE NO. 2:19-CV-12219
v.                            HON. GEORGE CARAM STEEH

DEYANA UNIS, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. The case was originally filed in the United States District Court for the Western District of Michigan and transferred to this Court on July 25, 2019. Michigan prisoner Derrick Lee Smith ("plaintiff Smith"), currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, challenges his state criminal convictions of four counts of first-degree criminal sexual conduct, which were imposed following a nolo contendere plea in the Wayne County Circuit Court. Plaintiff Smith was sentenced, as a third habitual offender, to concurrent terms of 17 years 6 months to 35

years imprisonment in May, 2019. In the complaint, plaintiff Smith asserts that threats and other procedural improprieties in his state criminal proceedings render his convictions and sentences unconstitutional. He names the Wayne County Prosecutor and an assistant prosecutor, the Wayne County Sheriff and two detectives, the victim, and several judges as the defendants in this action and seeks release from custody and monetary damages. He also names potential witnesses, George Thomas Preston and Kathryn Lynn Preston, as co-plaintiffs ("co-plaintiffs") in this action.

## II. DISCUSSION

As an initial matter, the Court notes that neither plaintiff Smith nor the co-plaintiffs have paid the $350.00 filing fee and the $50.00 administrative fee for this action, see 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, § 14, foll. 28 U.S.C. § 1914(a), nor have they moved to proceed without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915. All individuals, both prisoners and non-prisoners, who seek to proceed in forma pauperis in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required information mandates that the request be denied. See McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997), partially overruled on

other grounds by LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).

Moreover, plaintiff Smith is a three-striker under 28 U.S.C. § 1915(g) due to his filing of three or more lawsuits which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted who is not allowed to proceed without prepayment of the filing fee (i.e. in forma pauperis) absent a showing that he is under imminent danger of serious physical injury. See Smith v. Penman, et al., No. 1:18-cv-1212 (W.D. Mich. Dec. 20, 2018) (order listing strikes and denying leave to proceed in forma pauperis); Smith v. Washington, et al., No. 2:18-cv-10736 (E.D. Mich. June 11, 2018) (order listing strikes and revoking leave to proceed without prepayment of the filing fee). Plaintiff Smith makes no such showing. The complaint is thus subject to dismissal for failure to pay the required fees/requests to proceed in forma pauperis and under 28 U.S.C. § 1915(g).

Additionally, and alternatively, the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to

state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the

bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

In this case, the allegations in the complaint concern the validity of plaintiff Smith's state criminal proceedings. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-

87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

The allegations in the complaint concern plaintiff Smith's state criminal proceedings. If he were to prevail on those claims, his state

criminal convictions and confinement would be called into question. Consequently, those claims are barred by Heck and the complaint must be dismissed.

The Court further finds that the complaint does not clearly allege any constitutional violations or discernible injuries with respect to the co-plaintiffs, nor does it request specific relief on their behalf. As such, the complaint is also subject to dismissal, in part, for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

### III.  CONCLUSION

For the reasons stated, the Court concludes that plaintiff Smith and the co-plaintiffs have not paid the required fees for this action nor submitted applications to proceed in forma pauperis, and that plaintiff Smith is a three-striker who is not allowed to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(g). Additionally, and alternatively, the Court concludes that the complaint fails state a claim upon which relief may be granted under 42 U.S.C. § 1983 and fails to comply, in part, with Rule 8 of the Federal Rules of Civil Procedure. Accordingly, the Court **DISMISSES** the civil rights complaint.

Lastly, the Court concludes that an appeal from this order cannot be

taken in good faith. See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: August 22, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 22, 2019, by electronic and/or ordinary mail and also on
George Thomas Preston
7541 Yale Road
Avoca, MI 48006

Kathryn Lynn Preston
7541 Yale Road
Avoca, MI 48006

Derrick Lee Smith #267009
Muskegon (MSP)
Muskegon Correctional Facility
2400 S Sheridan Dr.
Muskegon Heights, MI 49442

s/Barbara Radke
Deputy Clerk